**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARIA NEHME,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 5:19-cv-00730-FB** |
| | § | |
| | § | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**ANSWER AND DEFENSES**

Defendant, Lincoln National Life Insurance Company ("Lincoln National"), for its Answer and Defenses to Plaintiff's Complaint, states:

**PRELIMINARY STATEMENT**

1. Admits that this purports to be an action against Lincoln National for relief under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), but except as so admitted denies the allegations in paragraph 1.

**PARTIES**

2. Admits the allegations in paragraph 2.

3. Admits that Lincoln National is a foreign corporation and is authorized to transact and transacting business in the Western District of Texas, but except as so admitted denies the allegations in paragraph 3.

4. Admits that Lincoln National is the issuer and claims administrator of the group long term disability insurance policy no. 000010181687 (the "LTD Policy"), the group short term disability policy no. 000010181688 (the "STD Policy") and the group life insurance policy

no. 000010181686 (the “Life Policy”) (collectively the “Policies”) issued by Lincoln National to Plaintiff’s employer Vitas Innovative Hospice Care (“Vitas”) as of January 1, 2014, to fund benefits under its ERISA-governed employee welfare benefit plan, but except as so admitted denies the allegations in paragraph 4.

5. Admits that Lincoln National transacts business in the Western District of Texas and is subject to service of process through its registered agent, but except as so admitted denies the allegations in paragraph 5.

**JURISDICTION AND VENUE**

6. Admits that this purports to be an action for benefits under ERISA, but except as so admitted denies the allegations in paragraph 6.

7. Admits that venue lies in this District under ERISA, but except as so admitted denies the allegations in paragraph 7.

**CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8. Admits that, during her employment with Vitas, Plaintiff was eligible for coverage under the Policies subject to the terms of the Policies, but except as so admitted denies the allegations in paragraph 8.

9. Admits that Plaintiff, as an employee of Vitas, was eligible for coverage under the Policies according to their terms, but except as so admitted denies the allegations in paragraph 9.

10. Admits that as of January 1, 2014, Lincoln National was the issuer and the claims administrator of the Policies, but except as so admitted denies the allegations in paragraph 10.

11. Admits that Lincoln National pays benefits due under the Policies from its assets, but except as so admitted denies the allegations in the second paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. The allegations of paragraph 14 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 14.

15. The allegations of paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 15.

16. The allegations of paragraph 16 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 16 and states that the Policies were issued in and are subject to the laws of the state of Florida to the extent not governed by ERISA.

17. The allegations of paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 17 and states that the Policies were issued in and are subject to the laws of the state of Florida to the extent not governed by ERISA.

18. The allegations of paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 18.

19. The allegations of paragraph 19 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 19.

20. The allegations of paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 20.

21. The allegations of paragraph 21 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 21.

## ADMINISTRATIVE APPEAL

22. Admits that Plaintiff had been employed by Vitas as a licensed vocational nurse and as a medical secretary at different times during her employment with Vitas, but except as so admitted denies the allegations in paragraph 22.

23. Admits that the referenced documents speak for themselves, but except as so admitted denies the allegations in paragraph 23.

24. Admits that Plaintiff ceased working for Vitas on or about March 18, 2016, but except as so admitted denies the allegations in paragraph 24.

25. Admits that Plaintiff claims she became disabled on March 21, 2016, but except as so admitted denies the allegations in paragraph 25.

26. Admits that Plaintiff submitted to Lincoln National a claim for STD benefits under the STD Policy, but except as so admitted denies the allegations in paragraph 26.

27. Admits that Lincoln National paid Plaintiff STD benefits for one week, but except as so admitted denies the allegations in paragraph 27.

28. Admits that Plaintiff submitted to Lincoln National a claim for LTD benefits under the LTD Policy, but except as so admitted denies the allegations in paragraph 28.

29. Admits that, by letter dated January 24, 2017, which letter speaks for itself, Lincoln National denied Plaintiff's claim for LTD benefits, but except as so admitted denies the allegations in paragraph 29.

30. Admits that the LTD Policy speaks for itself, but except as so admitted denies the allegations in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies the same.

32. Admits that, by letter dated June 23, 2017, which letter speaks for itself, Plaintiff appealed Lincoln National's denial of Plaintiff's claim for LTD benefits, but except as so admitted denies the allegations in paragraph 32.

33. Admits that Plaintiff appealed the denial of her claim for benefits, but except as so admitted denies the allegations in paragraph 33.

34. Admits that Plaintiff submitted information in support of her appeal, but except as so admitted denies the allegations in paragraph 34.

35. Admits that it appears that the Social Security Administration has awarded Plaintiff disability benefits, but except as so admitted denies the allegations in paragraph 35.

36. Admits that Plaintiff has advised Lincoln National that the Social Security Administration has awarded Plaintiff disability benefits, but except as so admitted denies the allegations in paragraph 36.

37. Admits that Lincoln National's nurse consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 37.

38. Admits that Lincoln National's nurse consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 38.

39. Admits that Lincoln National's vocational consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 39.

40. Admits that Lincoln National's vocational consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 40.

41. Admits that Lincoln National's nurse consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 41.

42. Admits that Lincoln National's vocational consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 42.

43. Admits that Lincoln National's nurse consultant's report speaks for itself, but except as so admitted denies the allegations in paragraph 43.

44. Admits that Lincoln National's consultants did not personally examine Plaintiff, but except as so admitted denies the allegations in paragraph 44.

45. Admits that, by letter dated August 31, 2018, which speaks for itself, Lincoln National notified Plaintiff of its decision on appeal to uphold the denial of her claim for LTD benefits, but except as so admitted denies the allegations in paragraph 45.

46. Admits that Lincoln National advised Plaintiff that she had exhausted administrative appeals under the LTD Policy, but except as so admitted denies that allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Admits that Plaintiff has exhausted administrative appeals under the Policies, but except as so admitted denies that allegations in paragraph 48.

## MEDICAL FACTS

49. Admits that Plaintiff has advised Lincoln National of various medical conditions she has, but except as so admitted denies the allegations in paragraph 49.

50. Admits that Plaintiff has advised Lincoln National of various medical conditions she has, but except as so admitted denies the allegations in paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore Lincoln National denies the same.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore Lincoln National denies the same.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore Lincoln National denies the same.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore Lincoln National denies the same.

55. Admits that Plaintiff has been prescribed medications, but except as so admitted denies the allegations in paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore Lincoln National denies the same.

57. Denies the allegations in paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore Lincoln National denies the same.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60.

61. Admits that Lincoln National has denied Plaintiff's claim for benefits under the LTD Policy, but except as so admitted denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63.

64. Denies the allegations in paragraph 64.

65. Admits that the LTD Policy speaks for itself, including Lincoln National's right to request an examination, but except as so admitted denies the allegations in paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies the same.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies the same.

68. Admits that Lincoln National did not request that Plaintiff submit to a physical examination as part of its review of Plaintiff's claim for benefits, but except as so admitted denies the allegations in paragraph 68.

**COUNT I**
**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. §1132**

69. Lincoln National incorporates by reference its responses to paragraphs 1 through 69 of the Complaint.

70. Denies the allegations in paragraph 70, including subparts (a) through (d).

**COUNT II: ATTORNEY FEES AND COSTS**

71. Lincoln National incorporates by reference its responses to paragraphs 1 through 70 of the Complaint.

72. Denies the allegations in paragraph 72 and denies Plaintiff's entitlement to the relief in the Wherefore paragraph, including subparagraphs (A) through (E).

**FIRST DEFENSE**

Plaintiff's purported causes of action against Lincoln National, if any, arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). To the extent Plaintiff's Complaint seeks remedies not provided for by ERISA, they are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

**SECOND DEFENSE**

Plaintiff's demand for attorney's fees and costs should be denied under ERISA, 29 U.S.C. § 1132(g), because Lincoln National's defenses to this action are reasonable, correct and made in good faith.

**THIRD DEFENSE**

Plaintiff's claims, if any, are limited by the terms, conditions, limitations, exclusions and other provisions of the Policies, including but not limited the definitions and provisions determining the scope of coverage under the Policies.

**FOURTH DEFENSE**

Lincoln National has complied with and performed all of its promises, obligations, and duties to Plaintiff, if any, under the Policies and ERISA.

**FIFTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as to Lincoln National and Plaintiff is not entitled to benefits under the LTD Policy because, inter alia, (a) Plaintiff was not disabled from her Own Occupation as defined by the LTD Policy through and after the elimination period of the LTD Policy; (b) Plaintiff failed to provide sufficient proof establishing entitlement to benefits under the LTD Policy, including proof of disability from performing her Own Occupation as defined by the LTD Policy; and (c) because Plaintiff was not disabled as defined by the LTD Policy and she failed to return to work, her coverage under the

LTD Policy terminated.

**SIXTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as to Lincoln National and Plaintiff is not entitled to benefits under the STD Policy because, inter alia, (a) Plaintiff was not disabled from her Own Occupation as defined by the STD Policy when Lincoln National terminated payment of STD benefits; (b) Plaintiff failed to provide sufficient proof establishing entitlement to benefits under the STD Policy, including proof of disability from performing her Own Occupation as defined by the STD Policy; and (c) because Plaintiff was not disabled as defined by the STD Policy and she failed to return to work, her coverage under the STD Policy terminated.

**SEVENTH DEFENSE**

Plaintiff has not satisfied all conditions precedent to the payment of benefits under the Policies, in that, inter alia: (a) Plaintiff was not disabled as defined by the Policies; (b) Plaintiff failed to provide sufficient proof establishing entitlement to benefits under the Policies, including proof of disability as defined by the Policies; and (c) because Plaintiff was not disabled as defined by the Policies and she failed to return to work, her coverage under the Policies terminated. As such, Plaintiff is not entitled to the benefits she seeks.

**EIGHTH DEFENSE**

Under the arbitrary and capricious standard of review, the Court's review of the claim decisions is limited to the administrative record. HCA Health Services of Ga. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001); Jett v. Blue Cross and Blue Shield of Alabama, 890 F.2d 1137, 1139-40 (11th Cir. 1989). Therefore, because the administrative

record shows that Plaintiff's claims for benefits were appropriately denied under the Policies, the claim decisions must be upheld.

## NINTH DEFENSE

Even if Plaintiff were entitled to the disability benefits sought under the Policies, which Lincoln National expressly denies, such entitlement at this time would not mean that Plaintiff would be entitled to future benefits under the Policies given, inter alia, the possibility of Plaintiff's further recovery, as well as the effect of different requirements, exclusions and/or limitations of the Policies, including the requirements of ongoing proof of continuing disability and proof of regular appropriate care by a physician in the appropriate specialty as well as the change in definition applicable after LTD benefits have been paid for 12 months and limitations on benefits for disability due to certain limited conditions.

## TENTH DEFENSE

Even if Plaintiff were found to be entitled to disability benefits under the LTD or STD Policies, which entitlement is denied, to the extent Plaintiff has received or is eligible to receive benefits under the Social Security Act for the same disability or any Other Income Benefits as defined by the LTD and STD Policies, Plaintiff's recovery, if any, and any award of entitlement to benefits, is subject to reduction and offset for such Other Income Benefits pursuant to the terms of the LTD and STD Policies.

## ELEVENTH DEFENSE

To the extent that Plaintiff seeks benefits through and beyond the date that her claims were denied, the Court's review is limited to the evidence contained in the administrative record of Plaintiff's claims for benefits at the time the decisions were rendered. No determination has been made with respect to Plaintiff's entitlement to benefits under the Policies beyond the time

period pertaining to the benefit decisions, and, should Plaintiff prevail in this action, the appropriate relief would be an order overturning the decision(s) and remanding the claim(s) for consideration of further benefits. See Peterson v. Continental Casualty Co., 282 F.3d 112 (2d Cir. 2002) (Court's determination of insured's eligibility for permanent benefits overturned for lack of jurisdiction as plan administrator had made no determination of insured's eligibility for benefits).

**TWELFTH DEFENSE**

Even to the extent Plaintiff was disabled and otherwise entitled to benefits, which Lincoln National denies, Plaintiff is barred under the LTD Policy from recovering LTD benefits to the extent Plaintiff was able to work in Partial Disability Employment but she chose not to engage in Partial Disability Employment.

**THIRTEENTH DEFENSE**

Because Plaintiff was not entitled to benefits under the Policies and Plaintiff failed to return to work, her coverage under the Policies terminated according to its terms.

**FOURTEENTH DEFENSE**

The claim decisions at issue were neither arbitrary nor capricious, the applicable standard of review to be applied in this action.

**FIFTEENTH DEFENSE**

According to the terms of the LTD and STD Policies, Plaintiff was insured for disability from performing her Own Occupation as defined by the Policies at the time of the onset of her alleged disability, on March 18, 2016. As Plaintiff was not disabled from performing her Own Occupation as defined by the LTD and STD Policies, no benefits were payable.

## SIXTEENTH DEFENSE

Plaintiff was not disabled from performing Any Occupation as defined by the Life Policy at the time of her alleged onset of disability of March 18, 2016 and therefore Plaintiff's claim for extension of death benefits under the Life Policy was properly denied.

## RELIEF REQUESTED

Lincoln National asks that: (i) the Court dismiss Plaintiff's Complaint with prejudice and judgment be entered in its favor; (ii) alternatively, to the extent the Complaint asserts claims exclusive of those available under ERISA, they be dismissed; (iii) the Court award Lincoln National its attorneys' fees and costs pursuant to 29 U.S.C. §1132(g); and (iv) the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: August 5, 2019

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Emily K. Liu*____________________
Wendy L. Furman*
Florida Bar No. 0085146
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, Florida 33431
Telephone: (561) 994-4311
Facsimile: (561) 982-8985
Email: wendy.furman@mhllp.com

Emily K. Liu
Texas Bar No. 24093777
2000 East Lamar Blvd., Suite 780
Arlington, Texas 76006
Telephone: (817) 635-7300
Facsimile: (713) 337-8849
Email: emily.liu@mhllp.com

*Attorney for The Lincoln National Life Insurance Company*

**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on August 5, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Anthony Vessel
Marc S. Whitehead
Britney Anne Health McDonald
Madison Tate Donaldson
MARC WHITEHEAD & ASSOCIATES ATTORNEYS AT LAW, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
anthony@marcwhitehead.com
marc@marcwhitehead.com
britney@marcwhitehead.com
madison@marcwhitehead.com

*/s/ Emily K. Liu*____________________
Emily K. Liu